## City of Joliet v. Angeline Fuchs.

### Gen. No. 4,666.

1. MUNICIPAL CORPORATION—*when question of liability of, for injuries resulting from alleged defective sidewalk, should be submitted to jury.* Held, that the evidence in this case justified the court in submitting to the jury the question as to whether the plaintiff was entitled to recover from the defendant, a municipal corporation, because of injury sustained by reason of the condition of a sidewalk controlled by such defendant.

Action in case for personal injuries. Appeal from the Circuit Court of Will county; the Hon. ALBERT O. MARSHALL, Judge, presiding. Heard in this court at the April term, 1906. Affirmed. Opinion filed October 16, 1906. Rehearing denied April 9, 1907.

ROBERT E. HALEY, for appellant; E. R. NADELHOFFER, of counsel.

LAGGER & BLATT and COLL McNAUGHTON, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Appellee sued the city of Joliet seeking to recover damages for personal injuries, which she alleges were sustained because of the negligence of the city in failing to keep its streets in safe repair. At the close of all the evidence, defendant asked the court to give a peremptory instruction directing the jury to find the defendant not guilty. The instruction was refused, and the jury found a verdict for appellee for $1,000. A motion for a new trial being overruled, judgment was rendered on the verdict. The city appeals.

The only question raised and argued in this court is that the evidence did not warrant the case being submitted to a jury, and that the court should have given the peremptory instruction asked.

The evidence shows that Joliet street, in the city of Joliet, runs north and south, and is crossed in the busi-

ness portion of the city by VanBuren street. Van-Buren street is paved with brick, and in September, 1902, Joliet street was asphalted. At the southeast corner of these streets, is a livery barn, and at the time of the injury a wooden sidewalk ten feet wide was on both streets adjoining the livery barn, the sidewalks being about eighteen inches above the street pavement. About the time Joliet street was asphalted, two stones, each about four feet long, two feet wide and eight inches thick, were placed temporarily on VanBuren street end to end to aid foot passengers passing north along the east side of Joliet street, to step down upon the pavement to cross VanBuren street. These stones were not laid flat upon the pavement, but were blocked up with something under them. The blocking being improperly done, the west stone slanted somewhat towards the driveway on VanBuren street, became loose, and would rock when stepped upon. The morning of December 15, 1902, was stormy, it having rained and frozen the preceding night, the sleet being followed by a light fall of snow. The appellee, a woman fifty-three years of age, on that morning, wearing a new pair of rubbers, and apparently protected against slipping on ice, came east on the south side of VanBuren street, and turning north on Joliet street, stepped on the west stone of the step. The stone rocked under her, and she fell, and broke her leg in two places.

The evidence shows that the stone was not placed in a permanent manner. Four witnesses testify that it was loose and tilted and rocked when stepped upon. Two of these witnesses, one of whom had been a policeman in the employ of the city at the time of the injury, say the stone had been in that loose rocking condition for over a month. It was a very public place, the city police station being the second door south of this corner; a church stood on the corner north, and business houses upon the other corners. The evidence showed the step was in a dangerous condition, and

tended to show that the city officials had notice, or if they had properly attended to their duties would have had notice of its condition, from the length of time it is testified it had been in such dangerous condition. It was a case properly to be submitted to a jury.

The court properly refused the peremptory instruction, and the verdict of the jury having been approved by the trial judge, we see no reason to interfere with it. The judgment will be affirmed.

*Affirmed.*